| | |
|---|---|
| STEPHEN CHRISTOPHER DUNCKHURST,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RON RACKLEY,<br><br>　　　　　Respondent. | No. 2:17-cv-2030 AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

I. Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 10. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II. Procedural History

The petition was originally filed in the Ninth Circuit Court of Appeal as an application to file a second or successive petition. ECF No. 2. The Ninth Circuit denied the application as unnecessary because petitioner is challenging the denial of his petition for resentencing under Proposition 36. Id. The application was transferred to this court as a petition for writ of habeas corpus and deemed filed on February 15, 2017. Id. at 2.

1

Because the petition was initially filed as an application to file a second or successive petition, it was not on the petition form used by this district and, as a result, it was missing nearly all of the necessary information regarding petitioner's underlying conviction and state court proceedings. It was also unclear whether petitioner was challenging the denial of his petition for recall, the language of the statute, or both. The petition was therefore dismissed with leave to amend so that petitioner could provide the necessary information regarding his conviction and clarify his grounds for relief. ECF No. 5. The first amended petition is now before the court. ECF No. 9.

### III. Petition

The federal petition challenges the state court's denial of a petition to recall petitioner's 2005 conviction for unlawful taking of a vehicle. ECF No. 9 at 1, 4-5. Petitioner asserts that the state court denied his request to recall his sentence on the ground of a prior conviction that rendered him ineligible for recall. Id. at 5. He argues that the denial, as well as the language of the statute itself, violated his rights under the Sixth and Fourteenth Amendments because the Third District Court of Appeal interpreted the statute differently than the Fifth District Court of Appeal with respect to what constitutes a disqualifying "prior" conviction. Id. In petitioner's case, the Third District Court of Appeal held that "the disqualifying 'prior' conviction need only occur before the court decides whether the inmate is eligible for resentencing under [Proposition 36]." People v. Dunckhurst, 226 Cal. App. 4th 1034, 1041 (2014). On the other hand, the Fifth District Court of Appeal has held that to count as a "prior" conviction that makes a petitioner ineligible, the conviction must have occurred prior to the sentence on which the petitioner seeks resentencing. People v. Spiller, 2 Cal. App. 5th 1014, 1026 (2015).

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons set forth below, the petition fails to state cognizable claims for relief and must be dismissed.

////

////

The California Court of Appeal has explained the Proposition 36 recall process as follows:

> On November 6, 2012, [California] voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). . . . The Act . . . created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)

People v. Yearwood, 213 Cal. App. 4th 161, 167-68 (2013). Subsection (e)(3) of Penal Code § 1170.126 states that "[a]n inmate is eligible for resentencing if: The inmate has no prior convictions for any of the offenses appearing in . . . clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." The state court found that petitioner's 2010 conviction for assault was one of the offenses covered by California Penal Code § 1170.12(c)(2)(C)(iv), and because it occurred prior to the decision on his petition for recall of sentence, it disqualified him for resentencing under Proposition 36. Dunckhurst, 226 Cal. App. 4th at 1042.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law"). This includes the interpretation or application of state sentencing laws. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law"). The exception is if "the state court's finding was so arbitrary or capricious as to constitute an independent due process . . . violation." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). It is a question of state law whether "prior" refers to the date the court decides a petitioner's eligibility for resentencing or the date of the sentence for which resentencing is sought. Accordingly, petitioner's claim that the Third District Court's of Appeal's interpretation is wrong is not cognizable in federal court.

////

To the extent it appears that petitioner is attempting to argue that the state court's interpretation was arbitrary or capricious, both the allegations of the petition and the court of appeal's opinion demonstrate otherwise. Petitioner argues that the Court of Appeal should not have considered the "language of voter intent" when determining how to interpret the statute (ECF No. 9 at 4), and the opinion further reveals that the court analyzed the verb tense of the statute in determining which event the disqualifying conviction had to precede. See Dunckhurst, 226 Cal. App. 4th at 1042 ("Here, the use of the present tense language 'has' indicates the convictions must have occurred only before the time the court decides the inmate's petition for recall of sentence."). Accordingly, there is no support for the claim that the state court's interpretation was arbitrary or capricious.

To the extent petitioner appears to claim that the language of the statute is unconstitutionally vague, his claim fails. "As a basic principle of due process under the Fifth Amendment, a state law must establish adequate guidelines to govern the exercise of discretion by state officials so that the law neither 'authorizes [n]or even encourages arbitrary and discriminatory enforcement.'" Hess v. Bd. of Parole & Post-Prison Supervision, 514 F.3d 909, 913 (9th Cir. 2008) (alteration in original) (quoting Hill v. Colorado, 530 U.S. 703, 732 (2000)). "[A] state statute should not be deemed facially invalid unless it is not readily subject to a narrowing construction by the state courts." Erznoznik v. City of Jacksonville, 422 U.S. 205, 216 (1975) (citation omitted). "The judgment of federal courts as to the vagueness or not of a state statute must be made in the light of prior state constructions of the statute." Wainwright v. Stone, 414 U.S. 21, 22 (1973).

"[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (citations omitted).

> Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise. This is the more so where . . . the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now

4

> prosecuted by the same parties before the federal court. True, some other court of appeals . . . may in some other case arrive at a different conclusion and the [state] Supreme Court . . . , notwithstanding its refusal to review the state decision against the petitioner may hold itself free to modify or reject the ruling thus announced. . . . [However, t]he law thus announced and applied is the law of the state applicable in the same case and to the same parties in the federal court and . . . the federal court is not free to apply a different rule however desirable it may believe it to be, and even though it may think that the state Supreme Court may establish a different rule in some future litigation.

West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237-38 (1940).

Accordingly, this court is bound by the Third District Court of Appeal's interpretation of the statute, which cures any vagueness that might exist as to the temporal boundaries of a "prior" conviction.[1] Moreover, even if the court were to be persuaded that the California Supreme Court would instead adopt the Fifth District Court of Appeal's interpretation in Spiller,[2] petitioner's vagueness claim still fails because that decision would equally cure any alleged vagueness. Petitioner would then be left with a claim that the Third District Court of Appeal misinterpreted California law. As previously explained, such an error of state law would not present a federal claim for relief.

Petitioner's claim that the Third District Court of Appeal's decision violated his right to equal protection also fails. "The fourteenth amendment's equal protection clause announces a fundamental principle: the State must govern impartially. General rules that apply evenhandedly to all persons within the jurisdiction unquestionably comply with this principle." McQueary v. Blodgett, 924 F.2d 829, 834 (1991) (citations and internal quotation marks omitted). Section 1170.126 applies evenhandedly, as it applies to all individuals convicted of a third strike prior to the enactment of Proposition 36. However, "[t]he equal protection clause also requires that the law be evenhanded *as actually applied*. Under the prevailing rational-basis test, plaintiffs in appellant's position bear the burden of establishing a prima facie case of uneven application." Id. at 835 (applying rational-basis test to challenge to sentencing law where alleged denial of equal

---

[1] Although the California Supreme Court initially granted review of petitioner's appeal, it later dismissed the case. ECF No. 9 at 30.
[2] The California Supreme Court denied review in Spiller.

5

protection was not based on membership in a suspect class). "[A] mere demonstration of inequality is not enough; the Constitution does not require *identical* treatment. There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises: it is a 'settled rule that the Fourteenth Amendment guarantees equal laws, not equal results.'" Id. (quoting Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 273 (1979)).

Petitioner provides a single example of the law being applied differently, which is insufficient to state a claim. See id. (finding allegations that other felons received sentences more lenient that appellant for more serious offenses, even if true, were insufficient to establish a prima facie case equal protection claim). Furthermore, there is no evidence of invidiousness or illegitimacy in the differing outcomes, as the Fifth District Court of Appeal's decision was informed by the California Supreme Court's decision in People v. Johnson, 61 Cal. 4th 674 (2015), which was issued after the Third District Court of Appeal's ruling in petitioner's case. Spiller, 2 Cal. App. 5th at 1025-26. Nor are differences in statutory interpretation between courts of appeal sufficient to show a denial of equal protection. See Habibi v. Holder, 673 F.3d 1082 (9th Cir. 2011) ("No court has ever held that the mere existence of a circuit split on an issue of statutory interpretation violates due process or equal protection, and we decline [the] invitation to do so here.).

Finally, even if petitioner were successful and the court found that his 2010 conviction did not make him ineligible for resentencing, his success would not necessarily spell speedier release because he could still be denied resentencing on the ground that he posed an unreasonable risk to public safety. Cal. Penal Code § 1170.126(f).

> By its terms, the statute does not create an entitlement to resentencing; the finding of a fact that renders a petitioner ineligible for resentencing deprives him or her of an opportunity to have the trial court make a discretionary determination as to whether he or she should be resentenced. Moreover, Proposition 36 does not automatically reduce, recall, or vacate any sentence by operation of law. It is up to the inmate to petition for recall of the sentence, and at all times prior to the trial court's resentencing determination, the petitioner's original third-strike sentence remains in effect.

People v. Perez, 4 Cal. 5th 1055, 1064 (2018). "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,'" Skinner v. Switzer,

562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)), and "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983," Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (internal citations omitted). Accordingly, the court lacks habeas jurisdiction over petitioner's claim.

IV.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 10) is granted.

2. Petitioner's motion for appointment of counsel (ECF No. 11) is denied.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE